1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    L.C. CUNNINGHAM,                              Case No. 1:19-cv-01508-AWI-EPG (PC)

12                  Plaintiff,                      FINDINGS AND RECOMMENDATIONS,
                                                    RECOMMENDING THAT PLAINTIFF'S
13            v.                                    MOTIONS FOR INJUNCTIVE RELIEF BE
                                                    DENIED
14    M. MARTINEZ, et al.,
                                                    (ECF NOS. 15, 19, & 45)
15                  Defendants.
                                                    OBJECTIONS, IF ANY, DUE WITHIN
16                                                  FOURTEEN DAYS

17

18        L.C. Cunningham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

19   in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 20, 2020, the Court

20   allowed this case to proceed on Plaintiff's claim against Defendant Harmon[1] for failure to protect

21   in violation of the Eighth Amendment and on Plaintiff's claim against Defendant Martinez for

22   violation of the Free Exercise Clause of the First Amendment.  (ECF No. 25, p. 2).  All other

23   claims and defendants were dismissed.  (Id.).

24        On April 23, 2020, Plaintiff filed a motion for a preliminary injunction.  (ECF No. 15).

25   On May 28, 2020, Plaintiff filed a motion for a temporary restraining order.  (ECF No. 19).

26   Plaintiff has also filed numerous declarations, which he appears to have filed in support of these

27

28        [1] Plaintiff lists this defendant's last name as "Harman."  However, according to Defendants, the correct
     spelling is "Harmon."  (ECF No. 41, p. 1)

1

1    motion(s).  (ECF Nos. 20-24; ECF No. 26; ECF No. 29; ECF Nos. 31-35; ECF Nos. 39-40; ECF

2    No. 45).  On December 3, 2020, Defendants filed their opposition to the motions.  (ECF No. 47).

3    On January 21, 2021, Plaintiff filed his reply.  (ECF No. 53).

4         For the reasons that follow, the Court will recommend that Plaintiff's motions for

5    injunctive relief be denied.

6    **I.    SUMMARY OF PLAINTIFF'S MOTIONS**

7         Plaintiff generally alleges that Defendants, and other prison officials, are having inmates

8    harass, taunt, annoy, irritate, and threaten him.  They accomplished this by informing other

9    inmates that Plaintiff is a snitch; instructing inmates to harass, taunt, and threaten Plaintiff; and

10   paying inmates to harass, taunt, and threaten Plaintiff.  While it is not entirely clear, Plaintiff

11   appears to ask the Court to enjoin Defendants (and others) from threatening Plaintiff; from having

12   other inmates threaten and harass Plaintiff; and from informing other inmates that Plaintiff is a

13   snitch.  (ECF No. 15, pgs. 1-2; ECF No. 19, pgs. 1-2).

14   **II.    SUMMARY OF DEFENDANTS' OPPOSITION**

15        Defendants argue that "Plaintiff's motions should be denied as moot because he

16   transferred to a building where Defendants Harmon and Martinez are not stationed.  Additionally,

17   Plaintiff has not demonstrated a likelihood of success on the merits, or a likelihood of irreparable

18   harm.  Plaintiff failed to establish that a weighing of the equities tip in his favor.  Also, Plaintiff

19   failed to show that a preliminary injunction or temporary restraining order are in the public

20   interest."  (ECF No. 47, pgs. 1-2) (citation omitted).

21   **III.    LEGAL STANDARDS**

22        A federal district court may issue emergency injunctive relief only if it has personal

23   jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros.,

24   Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party

25   officially, and is required to take action in that capacity, only upon service of summons or other

26   authority-asserting measure stating the time within which the party served must appear to

27   defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g.,

28   Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d

1    719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive

2    relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under

3    Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"

4    their "officers, agents, servants, employees, and attorneys," and "other persons who are in active

5    concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive

6    relief based on claims not pled in the complaint, the court does not have the authority to issue an

7    injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir.

8    2015).

9         Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

10   Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is

11   narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,

12   and is the least intrusive means necessary to correct the violation of the Federal Right."

13        On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

14   likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

15   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

16   public interest."  Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural

17   Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that

18   irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  Alliance

19   for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

20   **IV.    ANALYSIS**

21        This case is only proceeding on two claims: 1) Plaintiff's claim against defendant Harmon

22   for failure to protect in violation of the Eighth Amendment; and 2) Plaintiff's claim against

23   defendant Martinez for violation of the Free Exercise Clause of the First Amendment.

24        As to Plaintiff's failure to protect claim against defendant Harmon, the case is proceeding

25   based on Plaintiff's allegations that on November 11, 2019, defendant Harmon called Plaintiff a

26   snitch, which caused Plaintiff to be harassed by other inmates.  (ECF No. 18, pgs. 7-8; ECF No.

27   25).  This case is not proceeding on a failure to protect claim against defendant Martinez.

28        As to Plaintiff's motion for injunctive relief against defendant Harmon, the Court will

3

1    recommend that Plaintiff's motion for injunctive relief be denied because Plaintiff has not

2    established that he is likely to succeed on the merits of his failure to protect claim against

3    defendant Harmon.

4          To establish a failure to protect claim, a prisoner must establish that prison officials were

5    deliberately indifferent to a sufficiently serious threat to the prisoner's safety.  Farmer v. Brennan,

6    511 U.S. 825, 837 (1994).  "'Deliberate indifference' has both subjective and objective

7    components."  Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013).  A prisoner

8    must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the

9    official must both be aware of facts from which the inference could be drawn that a substantial

10   risk of serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at

11   837.  "Liability may follow only if a prison official 'knows that inmates face a substantial risk of

12   serious harm and disregards that risk by failing to take reasonable measures to abate it.'"

13   Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

14         The Ninth Circuit has held that telling inmates that someone is a "snitch" with the intent

15   of having an inmate killed by other inmates could state a claim for a violation of the inmate's

16   right to be protected from violence while in custody.  Valandingham v. Bojorquez, 866 F.2d

17   1135, 1138 (9th Cir. 1989) (upholding a failure to protect claim where Plaintiff "alleged that

18   because he had petitioned prison and government officials for redress of his grievances,

19   [Defendants] had conspired to label him a 'snitch' and thereby subject him to retaliation by

20   inmates").  The Ninth Circuit has also denied a similar claim when the plaintiff did not allege he

21   was actually subjected to retaliation by fellow inmates, nor that the defendants were aware that

22   their statements exposed the plaintiff to substantial risk of serious harm.  Morgan v. MacDonald,

23   41 F.3d 1291, 1293-94 (9th Cir. 1994).

24         "In general, injunctive relief is to be used sparingly, and only in a clear and plain case,"

25   Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (citation and internal quotation marks

26   omitted), and this is not a clear and plain case.  Plaintiff's only evidence to show that defendant

27   Harmon has/is labeling Plaintiff a snitch and having inmates harass, taunt, annoy, irritate, and

28   threaten him consists of his own declarations and complaints.  Plaintiff has submitted no other

4

1   evidence, such as witness statements, suggesting that defendant Harmon has done so.  And, for

2   the most part, Plaintiff's declarations are conclusory and lack detailed facts.  (See, e.g., ECF No.

3   35, pgs. 1-2 ("I declare that these inmates are torturing me within my cell by calling my name out

4   in a loud noise, telling me I am going to die, by threating my life and safety.  I declare that the

5   defendant's J. Harman, M. Martinez, along with other correctional officers are paying these

6   inmates to inflict these, as well as other threatening acts upon my health and safety.  I declare that

7   the defendants are tell these inmates that I am a snitch, and are passing my Confidential

8   paperwork to these inmates so that they will practice these dangerous, and torturous acts upon

9   me.")).[2]

10       Moreover, defendant Harmon denies that he has ever "told an inmate or a correctional

11   officer to harass, taunt, or otherwise threaten the safety of L.C. Cunningham.  Nor [has he] ever

12   told anyone that L.C. Cunningham is a snitch.  [He has] never shared L.C. Cunningham's

13   confidential paperwork with any inmate."  (ECF No. 47, p. 12).

14       As the Court only has competing declarations, and as Plaintiff's numerous declarations are

15   largely conclusory and lack detailed facts, the Court is unable to conclude that Plaintiff is likely to

16   succeed on the merits of his claim against defendant Harmon.[3]  Accordingly, the Court will

17   recommend that Plaintiff's motion(s) for injunctive relief against defendant Harmon be denied.

18       In his filings, Plaintiff also includes numerous allegations against non-defendants.  He

19   also alleges that he is being retaliated against for filing grievances and litigating this action.  (See,

20   e.g., ECF No. 22, p. 1).  However, as noted above, this case is only proceeding on a failure to

21   protect claim against defendant Harmon and a Free Exercise Clause claim against defendant

22   Martinez.  Plaintiff is not entitled to an injunction in this action based on his allegations of

23   retaliation,[4] his allegations against non-defendants, or his allegations that defendant Martinez is

---

[2] Errors in original.

[3] The Ninth Circuit applies a "sliding scale" approach.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied."  Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (citation and internal quotation marks omitted).  Here, even if Plaintiff only had to make the lesser showing of "serious questions going to the merits," the Court would still recommend that Plaintiff's motion be denied because he has not made this showing.

[4] The Court notes that even if Plaintiff were entitled to an injunction in this action based on his allegations

1    failing to protect him.  Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks

2    injunctive relief based on claims not pled in the complaint, the court does not have the authority

3    to issue an injunction.").  Moreover, an injunction binds only "the parties to the action," their

4    "officers, agents, servants, employees, and attorneys," and "other persons who are in active

5    concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  Plaintiff does appear to try to tie non-

6    defendants' conduct to Defendants by alleging a conspiracy (see, e.g., ECF No. 26, p. 3; ECF No.

7    39, p. 2), but Plaintiff has not submitted sufficient evidence to support this contention.

8           Accordingly, the Court will recommend that Plaintiff's motions for injunctive relief be

9    denied.

10   **V.      RECOMMENDATIONS**

11          Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that

12   Plaintiff's motions for injunctive relief (ECF Nos. 15 & 19) be DENIED.

13          These findings and recommendations are submitted to the United States district judge

14   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

15   (14) days after being served with these findings and recommendations, any party may file written

16   objections with the court.  Such a document should be captioned "Objections to Magistrate

17   Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed

18   within seven (7) days after service of the objections.  The parties are advised that failure to file

19   objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

20   Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

21   (9th Cir. 1991)).

22

23   IT IS SO ORDERED.

24       Dated:   **January 28, 2021**                    /s/ _Erica P. Grosjean_

25                                                         UNITED STATES MAGISTRATE JUDGE

26

27   ─────────────────────────────────────────────

28   that he is being retaliated against for prosecuting this action, Plaintiff has not submitted sufficient evidence to show
     that he is being retaliated against because he is prosecuting this action.