UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>M. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01508-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED<br><br>(ECF No. 68)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    L.C. Cunningham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 12, 2021, Plaintiff filed a motion for leave to amend. (ECF No. 68). For the reasons that follow, the Court will recommend that Plaintiff's motion be denied.

    **I.    PLAINTIFF'S MOTION**

    Plaintiff asks for leave to file an amended or supplemental complaint. Plaintiff appears to allege that he now has evidence that Yerry lied when he was interviewed by Correctional Sergeant Stane, and that Yerry had knowledge of Plaintiff's claims of safety concerns. Plaintiff appears to ask for leave to amend to bring Eighth Amendment failure to protect claim(s) against defendant Yerry.

    **II.    LEGAL STANDARDS**

    Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission

Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732.

### III.  ANALYSIS

The Court will recommend that Plaintiff's motion be denied because leave to amend would be futile. Plaintiff alleges that he has received new evidence regarding his claim(s) against Yerry and asks for leave to amend to bring Eighth Amendment failure to protect claim(s) against Yerry. However, the new evidence allegedly supports allegations that were made in Plaintiff's First Amended Complaint, and the Court already considered those allegations in determining that Plaintiff failed to state a claim against Yerry.

As summarized by the Court in the screening order, Plaintiff alleged as follows in his First Amended Complaint:

> On March 27, 2019, Plaintiff informed defendant Yerry that he was being harassed, threatened, and taunted while in his cell by other inmates, which was putting his health and safety in serious harm. Plaintiff told Defendant Yerry that he suffered from an anxiety disorder, which caused the taunting and irritation to become more of a pain and suffering hazard. Plaintiff told Defendant Yerry what negative and harmful effects it had on his mental and physical health. Defendant Yerry told Plaintiff that he would not move Plaintiff and he did not care. Defendant Yerry also refused to allow Plaintiff to talk to a sergeant.
>
> Plaintiff submitted a 602 appeal. When interviewed by Correctional Sergeant M. Stane regarding Plaintiff's allegations about asking to speak to a sergeant, Defendant Yerry lied and told Sergeant Stane that he did not recall the incident.
>
> Although Plaintiff was ordered to be removed from cell 130L on or around May 9, 2019, records show that Defendants Martinez and Yerry failed to move Plaintiff from May 9, 2019, until September 23, 2019. They were not following their orders to move Plaintiff from the cell from which he was being constantly harassed, threatened, taunted, and tortured by other inmates. This shows their deliberate indifference and their failure to protect Plaintiff's serious medical needs. Finally, Plaintiff was forced to kick out his cell window to stop the infliction of torture and pain.

> Plaintiff also alleges that, on March 26, 2019, on Plaintiff's arrival at building C-2, Cell 130L, Plaintiff suffered from serious medical conditions including seizures, high blood pressure, stomach pains, damaged esophagus and stomach muscles, balance difficulties, dizziness, problems walking, and problems with his rib-cage. Although Plaintiff told both Defendants Martinez and Yerry of these serious medical conditions, they chose to leave Plaintiff confined to cell 130L, where he was constantly being tortured. Plaintiff also suffers from a serious anxiety disorder, which caused his risk for injuries to become greater. Defendants' failure to move Plaintiff led to Plaintiff becoming "a cripple."
>
> …
>
> Additionally, Plaintiff alleges that Defendants Martinez and Yerry, along with other correctional officers, are showing Plaintiff's paperwork and labelling Plaintiff a "snitch," which is exposing Plaintiff to substantial risk of serious harm. Plaintiff is being threatened by other inmates because of his being labelled a "snitch" by defendants and other correctional officers.

(ECF No. 18, pgs. 3-5).

The Court considered these allegations, took Plaintiff's factual allegations as true for purposes of screening (id. at 3), and found that Plaintiff failed to state a claim against Yerry. (ECF No. 18).[1] As to Plaintiff's claim based on allegations that Yerry failed to protect Plaintiff from verbal harassment, the Court stated that:

> Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). However, verbal harassment may violate the constitution when it is "'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Cox v. Kernan, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d 1083 at 1092).
>
> Plaintiff alleges that he was kept in a cell despite being harassed, threatened, "noised," annoyed, irritated, and taunted by other inmates. Plaintiff does not describe any specific instance of harassment, but it is clear that the harassment from other inmates was entirely verbal. These allegations do not allege conditions that pose a substantial risk of serious harm under the legal standards described above, and thus there is no cognizable claim against Defendants

---

[1] The screening findings and recommendations were adopted in full. (ECF No. 25).

failing to protect him from the verbal harassment of other inmates.  See Falla v. Patton, 2019 WL 2162867, at *2 (E.D. Cal., May 17, 2019) ("Plaintiff's allegations that Patton verbally harassed him and that defendants Plagman, Curry, Lanigan, and Rackley failed to intervene and stop the harassment [] fail to state viable claims for relief.").

(Id. at 6).

As to Plaintiff's claim based on allegations that Yerry called Plaintiff a snitch, the Court stated that:

> The Court does not find a claim against Defendants Martinez or Yerry because Plaintiff's allegations are unclear about whether they called Plaintiff a snitch in front of other inmates, and whether inmates threatened him physically as a result of this.  Although Plaintiff at times says that Defendants Martinez and Yerry did this, he also says "along with other correctional officers."  Moreover, he only describes one specific incident by Defendant Harmon, and his grievance only refers to Defendant Harmon.

(Id. at 8).

As Plaintiff is attempting to amend to provide evidence in support of allegations that the Court already found failed to state a claim, the Court finds that leave to amend would be futile.[2]

### IV.    RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Plaintiff's motion for leave to amend (ECF No. 68) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\
\\\

---

[2] In his motion for leave to amend Plaintiff also alleges that after lying to Stane, Yerry "later" tried to give false information concerning Plaintiff's safety concerns.  (ECF No. 68, p. 7).  This may be a new allegation.  However, it is not clear how this allegation is relevant to whether Yerry failed to protect Plaintiff.  Thus, this allegation does not change the analysis that leave to amend would be futile.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 15, 2021__                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE