UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>M. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01508-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 80) |

L.C. Cunningham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 17, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 80). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because his imprisonment is greatly limiting his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because he has limited access to the law library; because he is being denied access to the email system that allows him to review relevant law inside his cell by way of a tablet; because a trial in this case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross examine witnesses; and because counsel would help him avoid criminal prosecution, which he is capable of facing because he has to testify at his deposition under oath.

1    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
2    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952
3    (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28
4    U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,
5    490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request
6    the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

7    Without a reasonable method of securing and compensating counsel, the Court will seek
8    volunteer counsel only in the most serious and exceptional cases.  In determining whether
9    "exceptional circumstances exist, a district court must evaluate both the likelihood of success of
10   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
11   complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

12   The Court will not order appointment of pro bono counsel at this time.  The Court has
13   reviewed the record in this case, and at this time the Court is unable to make a determination that
14   Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can
15   adequately articulate his claims.

16   Plaintiff is advised that he is not precluded from renewing his motion for appointment of
17   pro bono counsel at a later stage of the proceedings.

18   For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro
19   bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **June 21, 2021**                   /s/ Eric P. Grosj_____
                                            UNITED STATES MAGISTRATE JUDGE