| | |
|---|---|
| L.C. CUNNINGHAM,<br><br>        Plaintiff,<br><br>v.<br><br>M. MARTINEZ, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01508-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 72)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

L.C. Cunningham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 26, 2021, Plaintiff filed what the Court construes as a motion for an order under the All Writs Act. (ECF No. 72). On May 19, 2021, the Warden filed a response. (ECF No. 76). On June 17, 2021, Plaintiff filed a reply. (ECF No. 81).

For the reasons described below, the Court will recommend that Plaintiff's motion for an order under the All Writs Act be denied.

**I.    LEGAL STANDARDS**

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

1

§ 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## II. ANALYSIS

Plaintiff's motion will be denied because Plaintiff has failed to show that staff at Kern Valley State Prison are preventing him from litigating this action.

In his motion, Plaintiff alleges that he has access to the law library, but he is not able to use books. Instead, Plaintiff appears to allege that his institution of confinement has an email system, but that system is not working for him and he is unable to research relevant law.

In the Warden's response, the Warden does not dispute that the email system is not working for Plaintiff. Instead, the Warden argues that Plaintiff has adequate access to legal research materials because "Plaintiff may still request PLU status" and "may continue to use the facility law library to conduct his legal research. The facility has a wide variety of materials available on both the law library computers and in printed materials." (ECF No. 76, p. 3).

2

In his reply, Plaintiff states that he now has access to use the law library computers and "that this part of [his] troubles regarding [his] legal research has been solved by the KVSP library." (ECF No. 81, p. 3). However, Plaintiff alleges he only has two hours twice a week to conduct research, and this is not enough time.[1]

"[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), and Plaintiff has failed to show that such circumstances exist here. Plaintiff now has access to the law library for approximately four hours a week, and he is able to research relevant law. Thus, Plaintiff is not being prevented from litigating this action and his motion for an order under the All Writs Act should be denied.

The Court notes that if Plaintiff needs additional time to comply with a deadline due to limited access to the law library, Plaintiff may file a motion for an extension of time to comply with that deadline.

### III. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order under the All Writs Act (ECF No. 72) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\

---

[1] Plaintiff also alleges that his right to equal protection under the Fourteenth Amendment is being violated and that he is being retaliated against. As discussed in these findings and recommendations, Plaintiff has not shown that he is being prevented from litigating this case. If Plaintiff believes that prison officials (who do not appear to be the defendants in this action) are otherwise violating his constitutional rights, he may file a separate action against those officials.

1 The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 22, 2021**  /s/ Erin P. Grojean
UNITED STATES MAGISTRATE JUDGE